494 So.2d 308 (1986)
In the Interest of Y.F.W., a Minor Child.
No. BL-161.
District Court of Appeal of Florida, First District.
September 24, 1986.
Salvatore D. Mollica, Gainesville, for appellant.
Jim Smith, Atty. Gen., James W. Sloan, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
This is an appeal from a final judgment of permanent commitment of a seven year old female child who has been in foster care since 1982. Because of the existence of a critical defect in the proceedings below, we are compelled to reverse.
There have been three permanent commitment proceedings. On July 10, 1984, the court entered its final judgment of permanent commitment as to the mother and ordered continuing foster care as to the father. The court entered its second order on February 21, 1985, ordering the child to be returned to the father under the protective services supervision of HRS and requiring the father to maintain a live-in housekeeper who would be approved and monitored by HRS. We find it unnecessary to relate the factual circumstances which support the trial court's finding that the assistance of a live-in housekeeper was critical to the father's ability to care for the child. Be that as it may, before the child *309 could be returned to the father, he lost his housekeeper. On November 20, 1985, HRS filed its third permanent commitment petition alleging that the father had failed to maintain a live-in housekeeper. At the hearing, the trial court permitted HRS, at the close of its case, to amend the petition to include allegations of abandonment and neglect.
Appellant contends, among other things, that the trial court erred as a matter of law in entering an order of permanent commitment based on a petition filed by HRS which failed to allege abandonment, abuse, or neglect. We agree with appellant and reluctantly reverse the trial court's final judgment.
A trial court is authorized to commit permanently for future adoption a legally dependent child when it is manifestly in his best interest and when he has been abused, abandoned, or neglected. § 39.41(1)(f)(3)(a), Fla. Stat. (1985). In the absence of parental consent to a permanent commitment, one of the above statutory grounds must be alleged and proven by clear and convincing evidence. In the Interest of R.W., et al., 495 So.2d 133 (Fla. 1986). Florida Rule of Juvenile Procedure 8.810(a) requires that a petition for permanent commitment "contain allegations of facts necessary to support such a commitment" and a prayer for relief.
The petition herein was defective in that it lacked the requisite statutory ground and allegations of facts in support thereof. Since the permanent termination of parental rights is a drastic step, applicable statutes and rules must be strictly followed. In the Interest of A.D.J. and D.L.J., 466 So.2d 1156 (Fla. 1st DCA 1985).
Under the circumstances of this case, amending the petition at the close of appellee's case did not cure the defects in the pleading. The fact that evidence of abandonment or neglect may have been introduced on the issue of compliance with the permanent placement plan does not constitute implied consent to try a separate issue as to the existence of statutory abuse, abandonment, or neglect.
The judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
SHIVERS and ZEHMER, JJ., concur.