516 So.2d 1133 (1987)
In the Interest of J.V., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 87-267.
District Court of Appeal of Florida, First District.
December 22, 1987.
Cynthia L. Nichols, of Nichols & Nichols, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and Gerald B. Curington, Chief Trial Counsel, Dept. of Legal Affairs, Tallahassee, for appellee.
ERVIN, Judge.
Appellant seeks review of an order adjudicating the minor child dependent, and authorizing the transfusion of blood or blood products to the child. We affirm the court's authorization of blood transfusions, but find no evidentiary basis for the determination of dependency, and therefore reverse and remand the order for modification.
The Department of Health and Rehabilitative Services' (HRS) petition for dependency, filed April 22, 1987, alleged that the parents of J.V. had abused their minor child, and that the child was in critical condition and in need of blood products. At an emergency hearing, a physician testified that the child had an abnormally low level of blood platelets and that it was medically necessary for the child's survival to administer transfusions of blood and/or blood products. The parents of J.V. had refused to give their permission for the transfusions because of their religious beliefs as Jehovah's Witnesses. The lower court found J.V. to be a dependent child, but did not state on what basis, and ordered the authorization of blood transfusions that were medically necessary to "sustain life and restore said child to good health."
We find no abuse of discretion in the court's authorization of blood transfusions *1134 to the child. Section 39.01(30), Florida Statutes (Supp. 1986), defining neglect, provides that a court may direct medical treatment to a minor child if a parent or guardian does not furnish the necessary services because of legitimate religious beliefs. The overriding interest of the state as parens patriae in interfering with the parental custody and control of the child, for the purpose of ensuring that the child is given medical treatment necessary for the protection of his life, is judicially well-recognized. In the Interest of Ivey, 319 So.2d 53 (Fla. 1st DCA 1975); Annot., 30 A.L.R. 2d 1138 (1953). We therefore affirm as to this issue.
We do find error, however, in the trial court's adjudication of dependency. Section 39.01(9)(a) defines a dependent "child [as one] who is found ... [t]o have been abandoned, abused, or neglected by his parents or other custodians." There is no evidence in the record to support a finding that J.V. had been abandoned,[1] nor is there any relating to J.V.'s neglect. Although "neglect" occurs "when the parent or legal custodian ... deprives a child of, or allows a child to be deprived of, ... medical treatment," section 39.01(30), the same statute further specifically excludes from the definition of neglect a parent or guardian who so acts because of his or her legitimate religious beliefs. As the evidence reveals that the parents' action in depriving their child of necessary medical treatment was motivated by sincere religious beliefs, there is no evidentiary basis for a finding of neglect.
Neither can they be deemed to have abused him due to their refusal to provide medical treatment for his condition. Admittedly there is no similar exclusion, as is provided under section 39.01(30), defining neglect, from the definition of abuse as to conduct that is based upon the legitimate religious beliefs of the child's parents, and the broad definition of abuse, provided by section 39.01(2),[2] could on its face arguably include the parent's willful deprivation of such treatment. In our judgment, however, such conduct is not included within the statutory definition of abuse. It is a well-recognized maxim of statutory construction that the mention of one thing implies the exclusion of the other. See 49 Fla.Jur.2d Statutes § 126 (1984). Applying this maxim to subsections (30) and (2), we find that because the former explicitly proscribes the unexcused willful deprivation of medical treatment to one's child, and because the latter does not specifically include such conduct, the explicit mention of the one under subsection (30) excludes the unexpressed conduct from coverage under subsection (2). Another statutory maxim is that a special statute covering a particular subject matter controls over a general provision pertaining to the same or other subjects in general terms. Adams v. Culver, 111 So.2d 665 (Fla. 1959). We therefore conclude that the parents of J.V. cannot be considered to have abused their child by reason of their willful conduct in depriving him of medical treatment, because such conduct is not specifically included within the definition of abuse.
In so holding, we consider that a strict construction of the above statutes is necessary, as any dependency order carries with it serious potential consequences, including protective supervision of the child, placement of the child in the temporary legal custody of one other than the parents, or even permanent commitment. See § 39.41, Fla. Stat. Because of such potential sanctions, and the onus attached to such an adjudication, we conclude that the provisions of Chapter 39, relating to dependency, must be strictly construed. See, e.g., In the Interest of Y.F.W., 494 So.2d 308 (Fla. 1st DCA 1986) (petition lacking allegations of abandonment, abuse, or neglect insufficient, because applicable statutes and rules *1135 must be strictly followed); In the Interest of A.D.J. and D.L.J., 466 So.2d 1156 (Fla. 1st DCA), pet. for rev. denied, 475 So.2d 693 (Fla. 1985) (statutes and rules governing dependency proceedings shall be strictly adhered to, particularly if threat of permanent commitment is involved).
Applying a strict construction to the statutory definition of a "child who is found to be dependent," as discussed supra, requires that, as applied to the facts at bar, the court explicitly determine that the child was abandoned, abused, or neglected. See Section 39.01(9)(a). As the lower court failed to make such a finding, and, even if it had, the evidence would not be supportive of any such determination, the adjudication of dependency is reversed.
The lower court apparently decided that, absent an adjudication of dependency, it was without jurisdiction to order the necessary medical treatment. Section 39.01(30), however, expressly empowers the court to order medical services if the child's health so requires, regardless of the parents' lack of authorization, from a qualified health care provider or from a duly accredited practitioner who relies solely on spiritual means for healing. We interpret this provision as providing the circuit courts with sufficient statutory authority, notwithstanding the absence of a petition for dependency, to hear a case such as the one now on review, and, if necessary, to direct medical services.
AFFIRMED in part, REVERSED in part, and REMANDED for modification consistent with this opinion.
MILLS, J., concurs.
NIMMONS, J., concurs in part & dissents in part with written opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
I concur in the affirmance of the court's authorization of blood transfusions but dissent from the reversal of the adjudication of dependency.
In my view, a child who has been deprived of necessary medical treatment is a neglected child within the definition of "neglect" under Section 39.01(30).[1] The fact that the child is deprived of such necessary medical treatment because of the parent's religious beliefs renders the child no less neglected. The provision in the second part of 39.01(30) which says that such a parent shall not "be considered a negligent parent" should not be read to preclude an adjudication of dependency on the basis of neglect. The intent, it seems to me, of such second part of subsection 30 is simply to insulate such parent, who is "legitimately practicing his religious beliefs," from being proceeded against criminally such as via Section 827.05, Florida Statutes.
I would affirm the adjudication of dependency. I would also certify the above question as one of great public importance.
NOTES
[1] "Abandoned" is defined by section 39.01(1) as "a situation in which the parent or legal custodian of a child ... while being able, makes no provision for the child's support and makes no effort to communicate with the child, which situation is sufficient to evince a willful rejection of parental obligations."
[2] Section 39.01(2) defines abuse as "any willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired."
[1] Section 39.01(30), Florida Statutes (1986 Supp.), provides:

"Neglect" occurs when the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the person primarily responsible for the child's welfare deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired. The foregoing circumstances shall not be considered neglect if caused primarily by financial inability unless services for relief have been offered and rejected. A parent or guardian legitimately practicing his religious beliefs in accordance with a recognized church or religious organization who thereby does not provide specific medical treatment for a child shall not, for that reason alone, be considered a negligent parent or guardian; however, such an exception does not preclude a court from ordering the following services to be provided, when the health of the child so requires:
(a) Medical services from a licensed physician, dentist, optometrist, podiatrist, or other qualified health care provider; or
(b) Treatment by a duly accredited practitioner who relies solely on spiritual means for healing in accordance with the tenets and practices of a well-recognized church or religious organization.