PER CURIAM.
Appellant challenges the trial court’s termination of parental rights for her child, A.L.W. We reverse and remand for further evidentiary hearings.
A.L.W. lived with her mother (the appellant), and with her stepfather until April, 1989, when the child was removed from the *985 parental home to protect her from the stepfather’s physical abuse. The child was placed in foster care and the parents, as part of a performance agreement with the Department of Health and Rehabilitative Services (HRS), enrolled in parenting skills classes and marital and family counseling. The stepfather also participated in the Alcoholics Anonymous program. According to HRS, the parents substantially complied with the performance agreement. The court, therefore, returned the child to the parents’ home, conditional in part on further stepfather participation in Alcoholics Anonymous and aftercare counseling for both parents. The child returned to the parents’ home, but six months later was again removed after a social worker made an unannounced visit to the family home and detected marijuana odor. The social worker found a next-door-neighbor who appeared to have been smoking marijuana in the parents’ bedroom. As a result, the court placed A.L.W. in foster care.
Both parents continued to remain in contact with the child, notwithstanding their apparently severe financial constraints. Child Protection Team (CPT) member, Charlotte Chadik, briefly interviewed the child and both parents in two separate visits to evaluate the parent/child relationship and the child’s needs. According to the CPT report, the child was frightened about the possibility of future punishment for the HRS intervention in the family home. She was also unhappy that her only sibling, a three-year-old boy who is the natural offspring of both parents, was the favored child in the family home. The mother, when interviewed, stated her belief that the child caused some of the parents’ marital difficulties. Ms. Chadik concluded in her report that A.L.W. was a target of continuing and prospective emotional abuse. The guardian ad litem agreed with this recommendation, but HRS disagreed, finding that termination of parental rights was an inappropriate remedy at this stage of proceedings.
The trial court then ordered and conducted an evidentiary hearing to determine whether to terminate the mother’s parental rights and place the child for adoption. At the hearing, various witnesses testified regarding the parent/child relationship and the child’s current emotional health and development needs. The court considered the testimony of CPT member Ms. Chadik, the guardian ad litem, HRS officials, various foster-parents, the parents and the child. The child, however, was not allowed to state her preferences on whom she wanted to live with in the future. Relying expressly on Ms. Chadik’s evaluation, the trial court found evidence of continuing emotional abuse sufficient to sever parental rights. The court also found evidence of a neglectful home, but it appears that this was not the critical basis for the termination of parental rights.
Appellant’s primary contention herein is that the evidence brought before the trial court does not comport with the evidentiary standard for continuing abuse or neglect. We agree.
Under established case law in section 39.467(1), Florida Statutes, allegations of physical and emotional abuse or neglect must be proved by clear and convincing evidence to sever parental rights. In Interest of D.J.S., 563 So.2d 655, 662 (Fla. 1st DCA 1990) (en banc), the court held that a trial court’s determination that evidence is clear and convincing will not be overturned unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing. We find, as a matter of law, that no one could reasonably have found the evidence here to be clear and convincing evidence of child abuse or neglect. Here, the parents had substantially complied with a prior performance agreement and continued their parental involvement with the child even after A.L.W. was removed from the parental home. Further, the trial court appears to have disregarded HRS recommendations made prior to the termination adjudicatory hearing, that less drastic remedies such as continuing foster care, first be used to provide for the best interests of the child. Since there is no recent evidence of recurring physical abuse and there is favorable foster parent testimony in the record, and the mother has demonstrated her continu *986 ing desire for involvement in the child's life, termination of the mother’s parental rights does not appear to be the appropriate remedy at this stage. This is especially true here where the trial court’s order is based so heavily on CPT’s two brief, separate interviews with the parents and child.
Appellant’s second contention is that the trial court erred in failing to take into account, or state its reasons for failing to account for, the child’s preferences as to her future residence and living environment. We agree.
Section 39.467(2)(i), Florida Statutes (Supp.1990) states:
(2) For the purpose of determining the manifest best interests of the child, the court shall consider and evaluate all relevant factors, including, but not limited to: (i) the reasonable preferences and wishes of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.
In its order, the trial court did not state whether the child, who was seven years old at the time of the hearing, possessed “sufficient intelligence, understanding, and experience” to express a preference as to her future living arrangements. The trial court should have stated its findings in the order on the child’s ability to state a preference. We, therefore, remand for an evi-dentiary hearing to determine the child’s capacity to state a preference and further consistent proceedings, if the court deems the child to be of “sufficient intelligence, understanding, and experience” to state a preference.
Further proceedings below are also granted without prejudice to introducing further evidence and testimony from which the trial court may determine at this stage whether termination of parental rights is the appropriate remedy.
SHIVERS, J., CAWTHON; Senior Judge, concur.
WOLF, J., specially concurring with opinion.