PATTERSON, Chief Judge.
We do not reach the merits of this termination of parental rights case because procedural errors in the trial court require us to reverse.
The Department of Children and Families sheltered K.V.Y. on June 24, 1998, based on the allegation that K.V.Y. had been sexually molested by her father. A dependency action was then filed against both parents. A default was entered as to the mother on November 16, 1998. An order of adjudication of dependency was entered as to the father on January 20, 1999. No order of dependency was entered as to the mother.
Notwithstanding, the Department sent a case plan to the mother, which she did not sign. On August 5, 1999, the Department filed a petition for termination of parental rights as to both parents. At trial, the court brought to the Department’s attention that there was no order of dependency as to the mother. The Department’s attorney responded, “I have one signed by Judge Mahoney as to the mother dated January 20,1999.... [B]efore I rest, get a certified copy of it included with the packet — .” The Department never produced the order. Nevertheless, the trial court terminated the mother’s parental rights.
The Department concedes the absence of the dependency order and suggests that we overlook it. We cannot do so.
As we said in In re T.R.F., 741 So.2d 1184, 1186 (Fla. 2d DCA 1999):
[Pjarental rights may be terminated when the child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents. See § 39.464(l)(e). It is error to rely on a deficient dependency proceeding and related case plan as a basis for termination under this subsection.
The lack of an adjudication of dependency as to the mother is such a deficiency. We, therefore, reverse the mother’s termination of parental rights.
Reversed and remanded.
SILBERMAN, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.