814 So.2d 1244 (2002)
M.A., Father of N.A. and A.A., Children, Appellant,
v.
DEPT. OF CHILDREN AND FAMILIES, Appellee.
No. 5D01-2545.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
Ryan Thomas Truskoski, of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Senior Attorney, Department of Children and Families, Kissimmee, for Appellee.
PLEUS, J.
The father appeals a final judgment terminating his parental rights to his twin daughters. He argues that the trial court erred in basing the termination of his parental rights on section 39.806(1)(e), Florida Statutes (2001), because the children were not adjudicated dependent "as to him." He also argues that the trial court should not have based the termination of his parental rights on section 39.806(1)(b) because there was insufficient evidence to prove that he willfully abandoned his children. We agree that the trial court could not terminate the father's parental rights under section 39.806(1)(e), Florida Statutes, because the children were not adjudicated dependent "as to him."[1] We nonetheless affirm the trial court's order of termination because parental rights may be terminated without a finding of dependency when abandonment is proven pursuant to the requisites of section 39.806(1)(b).
In the instant case, the twins were adjudicated dependent as to the mother, but not the father. Section 39.806.(1)(e), Florida Statutes (2001) allows DCF to petition for TPR "when a child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents." Although the statute does not specify whether an adjudication of dependency *1245 as to one parent is sufficient to satisfy a TPR of the other parent under this section, this issue was resolved in In re K.V.Y., 784 So.2d 1209 (Fla. 2d DCA 2001). In that case, the child was adjudicated dependent as to the father but not the mother. The second district reversed the mother's TPR, stating:
As we said in In re T.R.F., 741 So.2d 1184, 1186 (Fla. 2d DCA 1999):
[P]arental rights may be terminated when the child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents. See § 39.464(1)(e). It is error to rely on a deficient dependency proceeding and related case plan as a basis for termination under this subsection.
The lack of an adjudication of dependency as to the mother is such a deficiency. We, therefore, reverse the mother's termination of parental rights.
In re K.V.Y. at 1209.
We reject DCF's argument that the father's voluntary execution of a case plan waived the requirement that the children be adjudicated as to him. Statutes relating to dependency and termination of parental rights must be strictly followed. See, e.g., In the Interest of Y.F.W., 494 So.2d 308 (Fla. 1st DCA 1986); In the Interest of A.D.J. and D.L.J., 466 So.2d 1156 (Fla. 1st DCA), pet. for rev. denied, 475 So.2d 693 (Fla.1985). In addition, the signature page of the case plan that the father signed states, "Signing this document is NOT an admission you have abused or neglected your child."
If the trial court had relied solely on section 39.806(1)(e) in terminating the father's parental rights, it would have been reversible error. The trial court, however, also found grounds for termination under section 39.806(1)(b). The father argues that the trial court erred in terminating his rights on this latter ground because he did not willfully reject his parental obligations. Section 39.806(1)(b), Florida Statutes (2001), allows TPR based on abandonment, as defined in s. 39.01(1). Section 39.01(1), Florida Statutes (2001), states:
"Abandoned" means a situation in which the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the caregiver responsible for the child's welfare, while being able, makes no provision for the child's support and makes no effort to communicate with the child, which situation is sufficient to evince a willful rejection of parental obligations. If the efforts of such parent or legal custodian, or caregiver primarily responsible for the child's welfare, to support and communicate with the child are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned.... The incarceration of a parent, ... may support a finding of abandonment.
(Emphasis added).
The trial judge ruled as follows:

AbandonmentSection 39.806(c)[2]
The Father allowed his children to languish in foster care all their lives. During that time he visited sporadically, but not consistently enough to allow them to develop a bond. For example, the Father did not visit the children for a six month period of time in 1999. The *1246 Father missed a number of visits in 2000 and he has not seen the children at all in 2001.
The Father failed to pay any child support at any time for his Children, despite having an ability to do so. Instead, the Father admitted that he spent the money on himself for cigarettes and other items. The most the Father provided for the Children were occasional gifts at Christmas and birthdays. There was no evidence that the Father ever wrote to the Children, even when that was his only method of communication with them from jail.
More telling was the Father's lack of concern for the day-to-day needs of the Children. The Father never inquired of the Foster parents or any DCFS worker how the Children were faring outside his care. He never asked if they had any trouble sleeping or eating or whether they had learning disabilities or health problems. In short, the Father never communicated to the Children or to anyone else that he was interested in making a true emotional investment in their welfare. Instead, the Father was apparently content to visit with his Children on a limited basis and wait for DCFS to return them to him.
The trial judge concluded that:
The Father has abandoned the Children by making only marginal efforts to maintain contact with them and by making no provisions for the welfare of the Children. Thus, the Father has, since the Children were sheltered, failed to evince a settled purpose to assume any parental responsibilities for the Children. § 39.806(1)(b) and 39.01(1), Fla. Stat. (2000).
Further, the court found that:
The Father has not adequately provided for the welfare of the Children, although it has been five (5) years since the children were initially removed and taken into custody by the State.
These findings and conclusions were supported by competent substantial evidence. See In the Interest of A.R.S., 617 So.2d 1148 (Fla. 2d DCA 1993). Thus, we affirm the order terminating the father's parental rights.
AFFIRMED.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] Section 39.806(1)(e) does not allow for TPR solely because a child is declared dependent; it also requires that a case plan has been filed with the court and a finding that a child continues to be abused, neglected or abandoned by the parents.
[2] This statutory reference is incorrect. There is no such section. The correct citation is 39.806(1)(b).