NORTHCUTT, Judge.
In these consolidated appeals, L.C. challenges dependency adjudications of his four children, three sons and one daughter, based solely on his daughter’s allegation that he sexually abused her.
There was insufficient evidence to support the boys’ dependency based on an alleged risk of future harm by the father. As the Florida Supreme Court held in In re M.F., 770 So.2d 1189, 1194 (Fla.2000):
A simple showing by DCF that a parent committed a sex act on one child does not by itself constitute proof that the parent poses a substantial risk of imminent abuse or neglect to the child’s sibling, as required by the statute. While the commission of such an act may be highly relevant, it is not automatically dispositive of the issue of dependency. A court instead should focus on all the circumstances surrounding the petition in each case.
Here, the dependency petition did not allege, nor did the Department prove, any circumstances that placed the sons at risk. We therefore reverse the adjudication of dependency as to the three sons.
L.C. also challenges his daughter’s dependency, contending that evidence of her ulterior motive to fabricate renders the *434 evidence insufficient. While we may have reservations about the truthfulness of the girl’s allegations, we cannot question the trial court’s assessment of her credibility because it was in a superior position to evaluate her testimony. Accordingly, we affirm the dependency adjudication of the daughter.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, C.J., and CASANUEVA, J., concur.