884 So.2d 291 (2004)
In the Interest of E.D., B.N., A.N., and R.N., children.
L.N., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D03-1678.
District Court of Appeal of Florida, Second District.
August 16, 2004.
Rehearing Denied November 10, 2004.
*293 John S. Patterson of Hagen & Patterson, P.A., Sarasota, for Appellant.
Douglas B. Sherman, Department of Children and Family Services, Bartow, for Appellee.
WALLACE, Judge.
L.N., the natural mother (the Mother) of E.D., B.N., A.N., and R.N., appeals the final judgment terminating her parental rights. The trial court ruled that section 39.806(1)(b) and (1)(c), Florida Statutes (2001), authorized termination of her parental rights to all four children. We reverse the termination of her rights to E.D. because the Department of Children and Family Services (the Department) failed to allege or prove requisite grounds for severing one parent's rights without severing the parental rights of the other parent. Although the trial court erred in finding that the Mother abandoned B.N., A.N., and R.N. under section 39.806(1)(b), termination was otherwise warranted under section 39.806(1)(c) to protect the children from harm. We affirm the termination of her rights to B.N., A.N., and R.N.
On January 9, 2002, the Department filed a petition for termination of parental rights alleging two grounds: (1) that the Mother abandoned the children pursuant to section 39.806(1)(b) and (2) that the Mother engaged in conduct toward the children which demonstrated that the continuing involvement of the Mother in the parent-child relationship threatened the life, safety, or physical, mental, or emotional health of the children irrespective of the provision of services, pursuant to section 39.806(1)(c). The petition identified a man whose initials are R.N. (not the child R.N.) as the father (the Father) of all four children and sought termination of his parental rights on the same grounds.

The Child E.D.
At an adjudicatory hearing on February 26, 2003, the Father voluntarily surrendered his parental rights to the three youngest children, B.N., A.N., and R.N. The record suggests that the Father may not be the father of the oldest child, E.D., and that the petition misidentified him as such.[1] Regardless of the petition's accuracy, the record provided to us does not contain any evidence that the parental rights of E.D.'s father have been terminated. Thus, after the Father surrendered his rights to B.N., A.N., and R.N., the action to terminate the Mother's parental rights to E.D. proceeded as an action to sever the parental rights of one parent *294 without severing the rights of the other parent.
Section 39.811(6) lists the "only" circumstances under which the parental rights of one parent may be terminated without severing the rights of the other parent.[2] The petition for termination of parental rights did not allege that any of the circumstances described in section 39.811(6) existed, nor did the Department adduce evidence at the adjudicatory hearing purporting to establish the existence of any of those circumstances. Because termination of the Mother's parental rights to E.D. was not a permitted disposition under section 39.811(6), the final judgment is reversed as it pertains to the Mother's rights to E.D.

The Children B.N., A.N., and R.N.
After the adjudicatory hearing, the trial court entered final judgment accepting the grounds for termination asserted by the Department. First, pursuant to section 39.806(1)(b), the trial court found that the Mother abandoned the children because "she failed to contribute to the cost of their care upon her incarceration. She also engaged in conduct which resulted in her arrest and incarceration. Her conduct evinces no settled purpose to assume all parental duties."
The arrest to which the trial court referred occurred in September 2001, approximately eight months after B.N., A.N., and R.N. were sheltered with the paternal grandmother and her husband. The Mother was sentenced to prison in April 2002, and the children remained in the custody of the paternal grandmother through the time of the adjudicatory hearing in February 2003.
To reverse a trial court's determination that its finding of abandonment is supported by clear and convincing evidence, the appellate court must determine as a matter of law that no reasonable person could agree with the trial court's determination. See F.C., Sr. v. State, Dep't of Children & Families (In re F.C., Jr.), 780 So.2d 159, 162 (Fla. 2d DCA 2001) (citing Deese v. Dep't of Health & Rehabilitative Services (In re A.L.W.), 590 So.2d 984, 985 (Fla. 1st DCA 1991)). The task of the appellate court is not to conduct a de novo review and reweigh the evidence. G.W.B. v. J.S.W. (In re Adoption of Baby E.A.W.), 658 So.2d 961, 967 (Fla.1995).
In this case, the trial court's findings regarding abandonment related solely to the Mother's conduct after she was incarcerated. Incarceration may be a factor in support of a finding of abandonment, *295 but it cannot be the only factor. J.T. v. Dep't of Children & Family Servs. (In re T.B.), 819 So.2d 270, 272 (Fla. 2d DCA 2002) (citing W.T.J. v. E.W.R., 721 So.2d 723, 725 (Fla.1998)). This court has held that it is "improper to terminate parental rights if a parent is unable to financially provide for the child or to assume parental obligations due to incarceration." Id. There is no evidence in the record that the Mother was able to provide support for the children while incarcerated. In addition, the trial court overlooked undisputed and corroborated testimony that the Mother communicated with the children by telephone to the fullest extent permitted by the children's custodian and that she regularly sent the children cards while she was incarcerated. Although the trial court was of the opinion that the Mother's efforts were only marginal efforts that did not evince a settled purpose to assume all parental duties, see § 39.01(1), its finding of abandonment does not reflect that it was based on any factor other than the Mother's incarceration. Cf. M.A. v. Dep't of Children & Families, 814 So.2d 1244, 1245-46 (Fla. 5th DCA 2002) (affirming termination of parental rights for abandonment where the father did not write any letters when imprisoned, did not request visitation with the children when out of prison, did not express concern for the children, and did not make an effort to provide for them in five years). Therefore, the trial court's finding that the Mother abandoned the children was clearly erroneous.
However, the trial court found that the Department proved an alternative and independent ground for terminating the Mother's parental rights pursuant to section 39.806(1)(c). To prove the grounds for terminating parental rights under section 39.806(1)(c), the trial court must find that the children's lives, safety, well-being, or physical, mental, or emotional health would be threatened by continued interaction with the parent, regardless of the provision of services. "In essence, the trial court must find that any provision of services would be futile or that the child would be threatened with harm despite any services provided to the parent." R.W.W. v. State, Dep't of Children & Families (In re C.W.W.), 788 So.2d 1020, 1023 (Fla. 2d DCA 2001); O.M. v. Dep't of Children & Family Servs. (In re G.C.A.), 863 So.2d 476, 479 (Fla. 2d DCA 2004).[3]
*296 Supporting termination on this ground, the trial court repeated its findings related to the Mother's incarceration, which occurred after the Mother stole $3000 worth of jewelry from her mother and was convicted of burglary of a dwelling and possession of methamphetamine. In addition, the trial court described the Mother's failure to comply with the tasks of two case plans given to the Mother in April and June 2001.[4] Among the Mother's tasks were to obtain and maintain adequate income and stable housing, complete various types of counseling, and obtain a substance abuse evaluation and follow recommendations for treatment. Competent, substantial evidence adduced at the adjudicatory hearing linked the breach of these case plans to the threat of harm to the children posed by the Mother's inability to provide a stable living arrangement, which in the past had adversely impacted the children's well-being and mental or emotional health. The Mother's breach of the case plans, together with her incarceration, evidence of mental illness, and evidence of drug use that was interrupted only by her incarceration, demonstrated that her continuing involvement with the children would result in harmful instability in their lives regardless of the provision of services.
Although the Mother testified that she sought and obtained counseling and vocational training while in prison and was making plans for job placement after prison, she offered no documentary evidence corroborating these efforts. An appellate court cannot question the trial court's assessment of the witnesses' credibility. L.C. v. Dep't of Children & Family Servs. (In re A.C.), 848 So.2d 433, 433 (Fla. 2d DCA 2003).
The Mother does not challenge the trial court's findings regarding the children's manifest best interests pursuant to section 39.810, and we find no basis to reverse. We have considered other matters raised by the Mother and find them without merit.

Conclusion
For the reasons described above, the final judgment terminating the Mother's parental rights is affirmed as to B.N., A.N., and R.N. and reversed as to E.D. Our reversal as to E.D. is based on the state of the record at the time this case came to our court. On remand, the Department must consider whether, in light of this opinion and the facts as they exist after remand, to offer the Mother a case plan with a goal of reunification. After remand, if circumstances exist that satisfy the statutory requirements for termination without such a plan, the Department may proceed accordingly. If the Department offers the Mother a case plan and she fails to comply, the Department may again petition to terminate her parental rights.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and COVINGTON, JJ., Concur.
NOTES
[1] We are informed that during pendency of this appeal, the Department initiated a search for E.D.'s father.
[2] Section 39.811(6) provides:

The parental rights of one parent may be severed without severing the parental rights of the other parent only under the following circumstances:
(a) If the child has only one surviving parent;
(b) If the identity of a prospective parent has been established as unknown after sworn testimony;
(c) If the parent whose rights are being terminated became a parent through a single-parent adoption;
(d) If the protection of the child demands termination of the rights of a single parent; or
(e) If the parent whose rights are being terminated meets any of the criteria specified in s. 39.806(1)(d) and (f)-(i).
Notably, the grounds cited in the final judgment for terminating the Mother's rights to E.D.  abandonment under section 39.806(1)(b) and conduct threatening the child's well-being under section 39.806(1)(c)are not included in the criteria specified in section 39.811(6)(e). Because the Department did not allege, argue, or present evidence attempting to prove the requirements of section 39.811(6)(d), we express no opinion on the relationship between the ground for termination under section 39.806(1)(c) and the permitted disposition under section 39.811(6)(d).
[3] In O.M., this court referenced a test of "three sequential requirements" that echoed the First District's test of "three sequential evidentiary requirements" that must be met before termination of parental rights can occur under section 39.806(1)(c). 863 So.2d at 479. In M.H. v. Dep't of Children & Families, 866 So.2d 220, 222-23 (Fla. 1st DCA 2004) (opinion on clarification) (citations omitted), the First District described the requirements:

First, the trial court must find the children's life, safety, or health would be threatened by continued interaction with the parent, regardless of the provision of services....
Second, if the court finds the children would be threatened with harm, despite the provision of services, [the Department] must then prove there is no reasonable basis to believe the parent will improve....
Finally, [the Department] must show termination is the least restrictive means of protecting the children from serious harm.
We do not read M.H. or O.M. as suggesting that proof of termination as the least restrictive means is required to prove a statutory ground for termination under section 39.806(1)(c). Rather, chapter 39 requires proof of a ground for termination under section 39.806 and proof that termination is in the manifest best interests of the child pursuant to section 39.810. "Beyond these statutory requirements, the termination of parental rights is subject to a constitutional requirement," which is that termination is the least restrictive means of protecting the child from serious harm. V.W. v. Dep't of Children & Family Servs. (In re L.B.W.), 863 So.2d 480, 483 (Fla. 2d DCA 2004) (citing Padgett v. Dep't of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991)).
[4] The Department did not assert section 39.806(1)(e) as a ground for termination. Thus the Mother's failure to comply with the case plans, standing alone, did not constitute evidence of continuing abuse, neglect, or abandonment.