962 So.2d 953 (2007)
In the interest of A.W., JR.,
A.W., Sr., Appellant,
v.
Department of Children and Family Services, and Guardian Ad Litem Program, Appellees.
No. 2D06-3000.
District Court of Appeal of Florida, Second District.
July 20, 2007.
Rehearing Denied August 24, 2007.
*954 Lisa P. Kirby, Naples, for Appellant.
William Byrne Isaacs, Port Charlotte, for Appellee Department of Children and Family Services.
Thomas Wade Young, Orlando, for Appellee Guardian ad Litem Program.
WHATLEY, Judge.
A.W., Sr. (the Father), appeals the order terminating his parental rights to his son, A.W., Jr. We reverse.
The Department of Children and Family Services (DCF) filed a petition for termination of the Father's parental rights to A.W., Jr., because of the Father's arrest for killing the child's mother. The child was seven months old at the time of the shooting, and he was in the home at the time of the shooting. In the order of termination, the trial court stated that the Father told a child protective services investigator that he and the mother tussled. The court stated that the evidence showed that the Father then killed the mother by putting a gun against her skull and firing. The court noted that the Father told the investigator that he shot and killed the mother but that he said nothing about it being accidental or in self-defense. As of the date of the termination hearing, the Father had not been convicted.
In its petition for termination, DCF alleged that termination was appropriate under either section 39.806(1)(b), (c), or (f), Florida Statutes (2005). The trial court found that DCF presented sufficient evidence to support termination pursuant to sections 39.806(1)(c) and (f).
Section 39.806(1)(c) provides for termination of parental rights
[w]hen the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services. Provision of services may be evidenced by proof that services were provided through a previous plan or offered as a case plan from a child welfare agency.
"To prove the grounds for terminating parental rights under section 39.806(1)(c), the trial court must find that the children's lives, safety, well-being, or physical, mental, or emotional health would be threatened by continued interaction with the parent, regardless of the provision of services." L.N. v. Dep't of Children Family Servs. (In re E.D.), 884 So.2d 291, 295 (Fla. 2d DCA 2004). In the order of termination, the trial court found that it is self-evident that a parent who kills a child's mother has engaged in conduct toward the child that demonstrates that continued involvement in the parent-child relationship threatens the child. However, the court made no finding that such is the case irrespective of the provision of services. *955 Although there was testimony that there are services available to the Father whether he is incarcerated or not, there was no testimony that his continued involvement with A.W., Jr., threatens the child irrespective of the provision of those services. Consequently, the trial court erred in terminating the Father's rights pursuant to section 39.806(1)(c).
Section 39.806(1)(f) provides for termination of parental rights
[w]hen the parent or parents engaged in egregious conduct or had the opportunity and capability to prevent and knowingly failed to prevent egregious conduct that threatens the life, safety, or physical, mental, or emotional health of the child or the child's sibling.
. . . .
2. As used in this subsection, the term egregious conduct means abuse, abandonment, neglect, or any other conduct of the parent or parents that is deplorable, flagrant, or outrageous by a normal standard of conduct. Egregious conduct may include an act or omission that occurred only once but was of such intensity, magnitude, or severity as to endanger the life of the child.
The trial court found that the Father's shooting of the mother during the child's first year of life was egregious because it deprived the child of the mother's love, care, and services. While the Father's killing of the child's mother by firing a gun that he placed against her head meets the statutory definition of egregious, that is not the end of the inquiry under section 39.806(1)(f). There must be a nexus between the egregious conduct and some neglect, abuse, or harm to the child. See D.A.D. v. Dep't of Children Family Servs. (In re D.A.D. II), 903 So.2d 1034 (Fla. 2d DCA 2005). The trial court made no findings regarding a nexus between the Father's conduct and an adverse impact on A.W., Jr. Indeed, the only testimony regarding the impact of the shooting on the child was that he had exhibited no effects from being in the house at the time of the shooting. Thus the trial court also erred in terminating the Father's rights pursuant to section 39.806(1)(f).
The trial court further erred in failing to address the constitutional requirement that termination of the Father's rights be the least restrictive means of protecting the child from harm. See S.S. v. D.L., 944 So.2d 553, 557 (Fla. 4th DCA 2007). We note that the child has been placed with the maternal grandmother. The Father's counsel stated at the hearing that this case could go to long-term relative custody. However, counsel conceded that if the Father is convicted of the murder, DCF may have grounds for termination. See 39.806(d).
In light of our reversal of the order of termination, we need not reach the issue of whether DCF presented clear and convincing evidence that termination was in the manifest best interests of the child.
Reversed.
DAVIS and WALLACE, JJ., Concur.